## Clarence B. Shaffner, Appellant, v. M. L. Greenwald, Appellee.

### Gen. No. 20,909.   (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. LOCKWOOD HONORE, Judge, presiding. Heard in this court at the October term, 1914. Affirmed. Opinion filed June 10, 1915.

### Statement of the Case.

Replevin by Clarence B. Schaffner, plaintiff, against M. L. Greenwald, defendant, to recover an automobile. The jury found the right of possession in the defendant and a writ of *retorno* issued. From this judgment, plaintiff appeals.

The facts disclosed are as follows: That plaintiff was a clerk employed in the office of his father, Benjamin M. Shaffner; that prior to May 1, 1912, plaintiff owned the automobile in question, which he had sent to a repairing company for overhauling; that this work was not paid for and the repairing company secured a judgment for $102.75 against plaintiff, and levied upon and took possession of the automobile. Some time before this, at the request of Benjamin M. Shaffner, the plaintiff and the defendant, Greenwald, indorsed his note for the sum of $250, which note was then discounted by a man named Ensign. Ensign finally sued on the note and had

judgment against both Shaffner and Greenwald. Shaffner thereafter sent a letter to Greenwald requesting that he should help in preventing a levy threatened by Ensign upon his judgment. An arrangement was made by which Benjamin M. Shaffner was to pay this judgment in instalments, but Shaffner failing to do this, the defendant, Greenwald, was compelled to pay the judgment. About May 1, 1912, the defendant was at the office of the Shaffners to persuade them to repay him the amount he had paid on the Ensign judgment. Plaintiff told defendant that he had no money, but told him about the automobile which had been levied upon by the repairing company. Defendant offered to cancel his claim on the Ensign matter and to pay the repairing company the amount of its judgment if plaintiff would give defendant a bill of sale for the automobile; and on that date an unconditional bill of sale conveying the automobile in question was executed by the plaintiff and delivered to Greenwald, and on the following day Benjamin Shaffner executed a written order on the repairing company to turn over the automobile to the defendant. The defendant paid the repairing company its claim and received the automobile. Four days thereafter plaintiff swore to an affidavit for the replevin of the automobile and obtained possession of it.

B. M. SHAFFNER, for appellant.

COMERFORD & COHEN, for appellee.

MR. JUSTICE McSURELY delivered the opinion of the court.

### Abstract of the Decision.

1. CHATTEL MORTGAGES, § 7*—*when bill of sale not a mortgage.* Evidence examined in a replevin suit to recover possession of an

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

automobile held under a bill of sale claimed to have been given as a mortgage and *held* sufficient to support a finding that the bill of sale was an absolute conveyance and not a mortgage.

2. REPLEVIN, § 50*—*when tender of return of consideration necessary.* When, in a replevin suit, it is claimed that the bill of sale under which defendant holds the chattel was in fact a mortgage, plaintiff is not entitled to the possession of the property unless he tendered defendant the amount due on the mortgage and kept the tender good.

3. DAMAGES, § 250*—*when error in instructing as to measure of damages cured by remittitur.* A judgment for defendant in replevin will not be reversed on the ground that the jury were improperly instructed as to the measure of damages and that the verdict was improper in assessing the defendant's damages at a certain sum, where an order was entered remitting that amount of damages.